FILED
SEP 1 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TENNAKOON MUDIYANSELAGE CHANDRARATNE :
18207 Lost Knife Circle
Montgomery Village, Maryland 20886

JAYATILAKE R. MUDIYANSELAGE
14002 Cove Lane, Apartment A2
Rockville, Maryland 20851

*On Behalf of Themselves and
All Others Similarly Situated*

    Plaintiffs,

    v.

PUSHPA SARAFF and SAJAN KUMAR SARAFF
d/b/a: Barmy Wine & Liquor
1912 L Street, NW
Washington, D.C. 20036

PUSHPA SARAFF, Individually
6130 Garden Road
Springfield, Virginia 22152

SAJAN KUMAR SARAFF, Individually
6130 Garden Road
Springfield, Virginia 22152

    Defendants.

Case: 1:07-cv-01617
Assigned To : Bates, John D.
Assign. Date : 9/12/2007
Description: Labor-ERISA

*JURY ACTION*

****************************************************************************

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Tennakoon Mudiyanselage Chandraratne ("Tennakoon") and Jayatilake R. Mudiyanselage ("Jayatilake") (together "Plaintiffs"), by and through undersigned counsel, for themselves and all others similarly situated, hereby complain against Defendants, Barmy Wine & Liquor ("Barmy"), Pushpa Saraff, and Sajan Kumar Saraff (collectively "Defendants") to recover unpaid back wages, overtime pay, liquidated damages, reasonable attorney's fees and

costs under § 16(b) of the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); and for wages due under the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiffs are both adult residents of the State of Maryland. Plaintiffs' written consents to participate in this lawsuit are attached hereto as Exhibit 1.

2. Barmy is, on information and belief, an unincorporated Washington, D.C. business with its principal place of business in Washington, D.C. Pushpa Saraff and Sajan Kumar Saraff are, on information and belief, the owners and full time managers of Barmy. At all times relevant, Defendants were Plaintiffs' "employers" for purposes of the FLSA and DCMWA.

3. During the period of Plaintiffs' employment, Defendants engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)). During the relevant time period, Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)). At all times relevant, Plaintiffs were individual employees who were engaged in commerce or the production of goods for commerce. Upon information and belief, Pushpa Saraff and Sajan Kumar Saraff were Plaintiffs' supervisors and determined their pay while Plaintiffs were employed by Barmy.

4. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1391(b).

## FACTS

5.      Tennakoon was employed by Defendants from July 14, 2003 through August 31, 2007 to work in Defendants' Barmy Wine & Liquor Store located at 1912 L Street NW, Washington, D.C. 20036. Tennakoon regularly worked seventy-two (72) hours per week but was not compensated at the rate prescribed by law for overtime work. Tennakoon's compensation consisted of a payment in cash at the rate of $9.00 per hour. Tennakoon never received a paycheck, Defendants never indicated to Tennakoon what, if any, deductions were being made from his gross pay, and Defendants never maintained any time or payroll records with respect to Tennakoon. Tennakoon did not perform work that meets the definition of exempt work under the FLSA or the DCMWA.

6.      Jayatilake was employed by Defendants from September 2002 through September 2005 to work in Defendants' Barmy Wine & Liquor Store located at 1912 L Street NW, Washington, D.C. 20036. Jayatilake regularly worked seventy-two (72) hours per week but was not compensated at the rate prescribed by law for overtime work. Jayatilake was compensated partially in cash and partially by check, at the combined rate of $9.00 per hour. Because Jayatilake was paid in both cash and by paycheck, Jayatilake never received a paycheck that accurately reflected his total pay, and Defendants never indicated to Jayatilake what, if any, deductions were being made from his gross pay. Defendants never maintained any time records with respect to Jayatilake. Jayatilake did not perform work that meets the definition of exempt work under the FLSA or the DCMWA.

7.      Jayatilake was later employed by Defendants from June 15, 2006 through October 16, 2006 to perform identical non-exempt work for at Defendants' Van Ness Liquor Store located at 4201 Connecticut Avenue NW, Washington, D.C. 20008. Jayatilake was compensated at the

rate of $10.50 per hour for this work. Jayatilake was again compensated partially cash and partially by paycheck.

8.  Plaintiffs are aware of other current and former employees of Defendants who are similarly situated in that they (i) do not perform work which would qualify them as exempt from the overtime requirements of the FLSA and DCMWA, (ii) worked in excess of forty (40) hours per week on a regular basis for Defendants during the relevant time period, and (iii) were not paid overtime wages.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act**

9.  Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-8 above, as if each were set forth herein.

10. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

11. Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were their "employers" under § 207(a)(2). Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs for overtime hours worked, at the overtime rate.

12. Plaintiffs worked overtime on a regular basis. Plaintiffs were entitled to, and are owed, overtime pay at the rate of one and one-half (1½) times their regular rate of pay for hours worked in excess of forty (40) hours in a given work week. Defendants have failed and refused to compensate Plaintiffs (and others similarly situated) properly and as required by law for

4

numerous overtime hours worked. This failure and refusal to pay compensation as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs (and all others similarly situated who have joined in this suit) under Count I for all unpaid overtime wages in such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992

13.   Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-12 above, as if each were set forth herein.

14.   Plaintiffs were "employees," and Defendants were their "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.* Under the DCMWA, Defendants, as Plaintiffs' employers, were obligated to pay Plaintiffs overtime wages for work performed beyond forty (40) hours in a given workweek at the rate of one-and-one-half (1½) times their regular rate of pay.

15.   Plaintiffs worked over forty (40) hours per week on a regular basis. Defendants owe Plaintiffs overtime premium pay under the DCMWA.

16.   Defendants' failure and refusal to pay wages due as required by the DCMWA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, under Count II, for all unpaid wages in such amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this

Court deems appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

> Respectfully submitted,
>
> *[signature]*
>
> Philip B. Zipin, Bar No. 367362
> Nancy Brewer
> The Zipin Law Firm, LLC
> 8403 Colesville Road, Suite 610
> Silver Spring, Maryland 20910
> Phone: 301-587-9373
> Fax: 301-587-9397
> Email:    pzipin@zipinlaw.com
>           nbrewer@zipinlaw.com
>
> **Counsel for Plaintiffs**

PLAINTIFF'S EXHIBIT 1

Overtime Pay Agreement
September 4, 2007
Page 4

I have read this Agreement and agree to its terms. I agree to be a plaintiff in a case under the Federal Fair Labor Standards Act.

_Tennakoon M Chandraratne_   _09/04/07_
Client Signature                     Date

TENNAKOON CHANDRARATNE
Printed Name

_[signature]_   _09/07/07_
Client Signature                     Date

Jayatilaka R Mudiyanselage
Printed Name

_____   _____
Client Signature                     Date

_____
Printed Name

_____   _____
Client Signature                     Date

_____
Printed Name

_____   _____
Client Signature                     Date

_____
Printed Name

_____   _____
Client Signature                     Date

_____
Printed Name

I have read this page and agree to its terms:   Initials: _____

07 1617

FILED

SEP 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Tennakoon M. Chandraratne and Jayatilake R. Mudiyanselage | Pushpa and Sajan Suraff d/b/a Basmy Wine and Liquor Pushpa Suraff (Individually) Sajan Suraff (Individually) |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) Montgomery County, Maryland | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT D.C. (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Nancy Brewer @ The Zipin Law Firm LLC
(301) 587-9373  8403 Colesville Rd #610
Silver Spring, MD 20910

Case: 1:07-cv-01617
Assigned To : Bates, John D.
Assign. Date : 9/12/2007
Description: Labor-ERISA

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ |
| Citizen of Another State | ☒ | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. Antitrust | ☐ B. Personal Injury/ Malpractice | ☐ C. Administrative Agency Review | ☐ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

| Real Property | Bankruptcy | Forfeiture/Penalty | |
|---|---|---|---|
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>Personal Property<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>Prisoner Petitions<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>Property Rights<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>Federal Tax Suits<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | ☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>Other Statutes<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

③

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☒ K. *Labor/ERISA (non-employment)*<br><br>☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

29 U.S.C. 201 et. seq. Failure of Defendants to pay Overtime

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $   Check YES only if demanded in complaint  JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☐ NO  If yes, please complete related case form.

DATE 9/10/2007   SIGNATURE OF ATTORNEY OF RECORD

/12

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You *must* also select *one* corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.